IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02643-DDD-SBP

HUNTER ADAM MELNICK,

    Plaintiff,

v.

UNKNOWN SSU MANAGER,
JEREMY TAFOYA, CPTL,
WESTON WALLACE, CPO,
ANNE CABIBI,
GAYLA SYKES,
UNKNOWN THERAPIST, and
PAMELA DAWN,

    Defendants.

## ORDER

**Susan Prose, United States Magistrate Judge**

This matter is before the court on Plaintiff Hunter Adam Melnick's Motion for Sanctions (ECF No. 67) ("Motion" or "Spoliation Motion"), which was referred to this court (ECF No. 69). Defendants Jeremy Tafoya and Weston Wallace (collectively, the "CDOC Defendants") filed a response in opposition (ECF No. 80), and Plaintiff filed a reply (ECF No. 88). Having carefully considered the briefing, the entire docket, the applicable law, and the parties' respective positions, the court respectfully **DENIES** the Motion for the reasons set forth below.

## BACKGROUND

**I.    The Underlying Action and Plaintiff's Parole Status**

Plaintiff, proceeding pro se and incarcerated within the Colorado Department of

Corrections ("CDOC"), initiated this 42 U.S.C. § 1983 action on October 10, 2023. ECF No. 1. The original complaint asserted a single Fourteenth Amendment claim for interference with familial association arising from a no-contact directive issued on or about September 20, 2023, while Plaintiff was on parole. *Id*. at 4, 8–10. Plaintiff named Weston Wallace, a Community Parole Officer ("CPO"), among others, as a defendant in both his individual and official capacities. *See generally id*.

On March 13, 2025, Plaintiff moved to amend the complaint to substitute Megan Zimmerman for the previously unidentified "Unknown SSU Manager," to refine allegations related to the September 20, 2023 no-contact directive, to add new defendants and new § 1983 claims arising from distinct events in October–November 2024 (including alleged retaliation for filing this lawsuit, due process violations in treatment termination and parole revocation, and arbitrary or capricious revocation), and to assert habeas corpus relief under 28 U.S.C. § 2241 challenging the parole revocation and seeking immediate release. ECF Nos. 61, 61-1.

 On February 3, 2026, the undersigned issued a Report and Recommendation recommending that the Motion to Amend be granted in part (as to the substitution of Megan Zimmerman and limited clarifying refinements to the allegations surrounding the original September 20, 2023 no-contact directive) and denied in part (as to all proposed new defendants, new claims arising from the 2024 events, and all proposed habeas relief). ECF No. 108. That Recommendation remains pending before the District Judge.

**II.     The Alleged Spoilation by Defendant Wallace**

The Spoliation Motion alleges that Defendant Wallace knowingly deleted emails pertinent to this action, including communications with treatment providers (e.g., Dr. Fisher)

2

regarding Plaintiff's parole compliance, treatment options, and revocation proceedings in late 2024. ECF No. 67 at 1–2. Plaintiff contends these deletions occurred despite (1) Wallace's status as a named defendant in this pending litigation, (2) prior direction from the Colorado Attorney General's Office to CDOC personnel not to delete emails concerning Plaintiff, (3) multiple Colorado Open Records Act ("CORA") requests by Plaintiff for such emails, and (4) CDOC Administrative Regulation AR 100-27, which requires retention of emails subject to legal holds, CORA requests, or of substantive importance. *See generally* ECF Nos. 67, 88. Plaintiff further alleges bad faith, pointing to Wallace's deposition on October 30, 2024, during which defense counsel requested a specific email from Plaintiff, and to Wallace's alleged statements discouraging treatment providers from accepting Plaintiff due to his litigious history. *Id*. Plaintiff seeks severe sanctions, including monetary fines, an order compelling production of all communications (even if privileged) for in-camera review, and the creation of an adequate privilege log. ECF No. 67 at 2; ECF No. 88.

The CDOC Defendants oppose the Motion, arguing that Wallace had no duty to preserve the specific emails at issue because, at the time of deletion, he neither knew nor should have known that litigation arising from the 2024 parole revocation was reasonably anticipated. ECF No. 80 at 2–6. They contend any deletion was consistent with routine email management practices and not undertaken with a culpable state of mind. *See generally id*.

## ANALYSIS

"Spoliation" is the destruction or significant alteration of evidence, or failure to preserve it for use in pending or reasonably foreseeable litigation. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc*., 244 F.R.D. 614, 620 (D. Colo. 2007). While the court has inherent authority to

3

impose sanctions for spoliation of evidence, Federal Rule of Civil Procedure 37(e) forecloses reliance on that inherent authority when the alleged spoliation involves electronically stored information ("ESI"). *See Hallum v. Sheriff of Del. Cnty.*, No. 21-cv-137-GKF-SH, 2023 WL 6367656, at *2–3 (N.D. Okla. Sept. 29, 2023). Under Rule 37(e), if ESI that should have been preserved is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court (1) upon finding prejudice, may order measures no greater than necessary to cure the prejudice. or (2) only upon finding intent to deprive another party of the use of the information may presume the information unfavorable, instruct the jury accordingly, or dismiss the action or enter default judgment. Fed. R. Civ. P. 37(e). The duty to preserve evidence—applicable to both hard-copy documents and ESI—generally is triggered by the filing of a lawsuit, but it may arise earlier if a party has notice that future litigation is likely. *Cache La Poudre*, 244 F.R.D. at 621–23. However, because litigation is "an ever-present possibility" in modern society, the duty to preserve requires more than a mere possibility of litigation and does not arise absent unequivocal notice that litigation is impending. *Id*. at 621–22. Whether litigation was reasonably foreseeable is a fact-specific inquiry guided by the circumstances of each case. *See id*. at 623; s*ee also Browder v. City of Albuquerque*, 187 F. Supp. 3d 1288, 1296 (D.N.M. 2016). Importantly, the duty extends only to evidence relevant to the claims then in existence or reasonably anticipated within the scope of the pending action; it does not require preservation of every document that might conceivably become useful if entirely new and unrelated claims are later asserted. *Cache La Poudre*, 244 F.R.D.

To establish spoliation, Plaintiff, as the movant here, bears the burden to show by a preponderance of the evidence (1) that there was a duty to preserve because the spoliator knew or

4

should have known litigation was imminent and (2) that Plaintiff was prejudiced as a result. *Burlington Northern & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007); *see also Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1160 (D. Colo. 2015). Sanctions may issue for negligence if notice and prejudice exist, but severe sanctions (e.g., adverse inference, dismissal, or default) require a showing of bad faith or intent to deprive the opposing party of the information. *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009); Fed. R. Civ. P. 37(e)(2). Spoliation spans a "continuum of fault—ranging from innocence through the degrees of negligence to intentionality." *Browder*, 187 F. Supp. 3d at 1297 (internal quotation and citation omitted). Upon a finding of spoliation, courts have broad remedial options, including fines or compelled production (even of privileged information). *See Helget v. City of Hays*, 844 F.3d 1216, 1225–26 (10th Cir. 2017). Key factors informing the choice of remedy are culpability and actual prejudice. *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 139 F.3d 912, 1998 WL 68879, at *4 (10th Cir. 1998). Courts impose the least onerous sanction that remedies prejudice, punishes wrongdoing, and deters misconduct. *See Sours* v. *Glanz*, 24 F. App'x 912, 915 (10th Cir. 2001) ("A discovery sanction must be measured; a court should impose the least onerous sanction that will remedy the prejudice and, where applicable, punish the past wrongdoing and deter future wrongdoing.").

Applying these principles, Plaintiff has not met his burden to establish.

## I.   The Alleged Spoilation by Defendant Wallace

At the time of the alleged deletions at issue here, the operative complaint in this case asserted a single claim arising from the September 20, 2023 no-contact directive and its alleged interference with Plaintiff's familial association. ECF No. 1. The emails at issue, as described by

5

Plaintiff, relate primarily to events in late 2024: communications concerning treatment providers, parole compliance, and the ultimate revocation of Plaintiff's parole in November 2024. ECF No. 67 at 1-2. These are not merely incremental developments in the same dispute that triggered the instant litigation; they involve different actors, different decisions, and different constitutional theories. The undersigned's February 3, 2026 Report and Recommendation on Plaintiff's Motion to Amend underscores these distinctions, concluding that the proposed 2024 revocation-related claims arise from separate transactions or occurrences, implicate different parties, and are not properly joined in this action under Federal Rules of Civil Procedure 18(a) and 20(a)(2). *See* ECF No. 108.

      Plaintiff emphasizes Defendant Wallace's status as a named defendant in this ongoing litigation, prior directions from the Attorney General's Office to preserve emails concerning Plaintiff, Plaintiff's history of CORA requests, and CDOC Administrative Regulation 100-27, which requires retention of emails subject to legal holds, CORA requests, or of substantive importance. ECF No. 67 at 1-2; ECF No. 88 at 1-2. These facts, Plaintiff contends, placed Wallace on notice that he should preserve *all* emails relating to Plaintiff indefinitely.

      The court respectfully disagrees that these circumstances triggered a duty to preserve the specific emails at issue with respect to anticipated litigation in this case. While Plaintiff has a history of litigation and has made numerous CORA requests, generalized awareness of a parolee's litigiousness does not render litigation over every future parole decision reasonably foreseeable within the confines of a specific pending lawsuit alleging interference with familial association in 2023. *Cache La Poudre*, 244 F.R.D. at 621 (mere possibility or speculation of future litigation is insufficient). Plaintiff identifies no specific preservation notice, demand letter,

6

or other communication directed to Wallace indicating that litigation over the 2024 revocation—as distinct from the 2023 no-contact directive—was imminent prior to any deletion.

Violations of internal CDOC policy, while potentially relevant to other proceedings, do not automatically establish a litigation-related preservation duty sufficient to warrant spoliation sanctions here. The court's inquiry focuses on foreseeability of litigation within the scope of this case, not on whether routine email management complied with departmental regulations. On this record, Plaintiff has not shown that Defendant Wallace knew or should have known that the 2024 revocation would become the subject of claims in this particular lawsuit at the time the emails were allegedly deleted. Accordingly, no duty to preserve this ESI arose, and Plaintiff fails to satisfy the threshold element of spoliation.

## II.     Culpability and Intent

Even assuming, for the sake of argument, that a duty to preserve attached, the court finds no evidence of bad faith, willful conduct, or intent to deprive Plaintiff of the use of the emails in this litigation. Severe sanctions—such as monetary fines or compelled production of privileged materials—require a showing of bad faith or intent. *Turner,* 563 F.3d at 1149; Fed. R. Civ. P. 37(e)(2).

Plaintiff points to Wallace's alleged statements discouraging treatment providers from accepting Plaintiff due to his litigious history, Wallace's participation in the October 30, 2024 deposition (during which defense counsel requested a specific email from Plaintiff), and the possibility that counsel directed the deletions. ECF No. 67 at 1-2; ECF No. 88 at 1-2. Viewed holistically, however, these circumstances reflect ordinary parole supervision and discovery practice rather than a calculated effort to conceal evidence.

7

The CDOC Defendants have represented, and discovery responses confirm, that the emails at issue are no longer available due to the automatic operation of CDOC's email retention policy. ECF No. 80 at 4. Specifically, CDOC Administrative Regulation 100-27 provides that "[a]ll email that is older than 30 days, other than email with a DONOTDELETE label, will be auto-deleted." AR 100-27 § IV.D.1.a (ECF No. 80-2 at 2). This 30-day auto-deletion policy applies uniformly to all CDOC employees; individual employees lack the ability to expand or narrow the retention window. *Id*. Emails may be preserved beyond 30 days only if the employee affirmatively applies a "DONOTDELETE" label, which is recommended for emails of ongoing importance, required for reporting, subject to legal or sensitive holds, or responsive to requests pursuant to CORA or the Colorado Criminal Justice Records Act. *Id*. § IV.D.1.b–d.

There is no evidence that Defendant Wallace selectively deleted incriminating messages while retaining exculpatory ones, manually deleted the emails in question, or was somehow instructed to hide alleged misconduct. Rather, the record indicates that any loss of the emails resulted from the routine, system-wide application of the 30-day auto-deletion policy rather than targeted action by Wallace. At most, the failure to apply a "DONOTDELETE" label—if one was warranted—would reflect negligence, not the bad faith or intent required for the severe sanctions Plaintiff seeks. *Turner*, 563 F.3d at 1149; Fed. R. Civ. P. 37(e)(2). Plaintiff's suggestion that defense counsel may have directed the deletions remains purely speculative and unsupported by the record. Under controlling Tenth Circuit precedent, negligence—or even gross negligence—is insufficient to support the severe sanctions Plaintiff seeks. *See Turner*, 563 F.3d at 1149. This record evinces no bad faith or intent to deprive Plaintiff of access to the emails.

### III.   Prejudice and Proportionality

Finally, even if the court were to find that a preservation duty existed and that any failure to preserve reflected a culpable state of mind, Plaintiff has not demonstrated prejudice sufficient to warrant sanctions—much less the severe remedies he seeks, including monetary fines and compelled production of otherwise privileged communications for in-camera review.

First, Plaintiff has not shown that the loss of the emails materially impairs his ability to prove his familial-association claim. That claim, arising from the September 20, 2023 no-contact directive, remains materially unimpaired by the unavailability of the emails at issue. Substantial alternative sources of information are available to Plaintiff, including CWISE[1] chronological entries, deposition testimony (including Defendant Wallace's own testimony from October 30, 2024), parole board records, and any communications that were preserved elsewhere or produced in discovery. *See* ECF Nos. 80-1, 80-2. Plaintiff retains a full opportunity to develop and present his case through these avenues.

Second, the emails Plaintiff describes relate almost exclusively to events in late 2024— communications concerning treatment providers, parole compliance, and the November 2024 revocation proceedings. As the undersigned concluded in the February 3, 2026 Report and Recommendation, any claim challenging the November 2024 revocation would be premised on distinct transactions and occurrences, involve different parties, and would not be properly joined in this action under Federal Rules of Civil Procedure 18(a) and 20(a)(2). ECF No. 108. Put simply, those claims are not part of the operative complaint and, absent a contrary conclusion by the presiding United States District Judge, have no place in this case. The emails therefore bear

---

[1] The court understands "CWISE" to refer to a case management system utilized by CDOC.

no meaningful relevance to the sole claim currently before the court, and Plaintiff has not established that their absence creates an evidentiary gap that uniquely or materially disadvantages his ability to prove that claim.

The sanctions Plaintiff requests are plainly disproportionate to any conceivable prejudice he may have sustained from the loss of the emails. Monetary fines, compelled production of privileged materials, and mandatory in-camera review are extraordinary remedies reserved for cases of clear bad faith, intent to deprive, or material, irremediable harm to the litigant's ability to pursue his claim. None of those circumstances are discernible on the record here. Accordingly, the spoliation remedies Plaintiff seeks are not justified. Fed. R. Civ. P. 37(e); *Helget*, 844 F.3d at 1225–26.

## CONCLUSION

In sum, the court respectfully finds that Plaintiff has not established by a preponderance of the evidence that Defendant Wallace had a duty to preserve the specific emails at issue. Nor has Plaintiff demonstrated bad faith or prejudice warranting sanctions. Therefore, the Motion for Sanctions for Spoliation of Evidence (ECF No. 67) is **DENIED**.[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

DATED: February 4, 2026    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge